The Hon. David G. Estudillo

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RONALDO MCCOMB,<br><br>Defendant,<br><br>and<br><br>PAUL HUNTER PORT,<br><br>Third-Party Petitioner. | NO. CR23-5085-DGE<br><br>**STIPULATION AND ORDER SETTLING THIRD-PARTY PETITION** |

The United States and Third-Party Petitioner Paul Hunter Port present the following Stipulation and proposed Order to settle Mr. Port's asserted interest in one Noveske Rifleworks N4 rifle, bearing serial number B14883, along with associated accessories, including one EOTech XPS3-0 optic and one black Pelican case (collectively, the "Subject Firearm") that was preliminarily forfeited by Defendant Ronaldo McComb in this matter.

## I. BACKGROUND

On August 23, 2024, the United States filed a Forfeiture Bill of Particulars providing notice that it would seek forfeiture, pursuant to 21 U.S.C. § 853, of the Subject

Stipulation and Order - 1
*United States v. McComb,* CR23-5085-DGE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  Firearm. Dkt. No. 495. The Subject Firearm was also included in the Amended Forfeiture
2  Bill of Particulars. Dkt. No. 749.
3        On June 12, 2024, Defendant McComb pleaded guilty to *Conspiracy to Distribute*
4  *Controlled Substances* as charged in Count 1 of the Superseding Information, in violation
5  of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and *Felon in Possession of a Firearm*, as charged in
6  Count 2, in violation of 18 U.S.C. § 922(g)(1). Dkt. Nos. 798, 808. In his Plea
7  Agreement, Defendant agreed to forfeit his interest in any property that facilitated or
8  constituted proceeds of his commission of *Conspiracy to Distribute Controlled*
9  *Substances* pursuant to 21 U.S.C. § 853, including the Subject Firearm. Dkt. No. 808
10 ¶ 13.
11       On September 5, 2024, the Court issued a Preliminary Order of Forfeiture
12 forfeiting Defendant's interest in various assets, including the Subject Firearm, to the
13 United States. *See* Dkt. No. 935.
14       As required by 21 U.S.C. § 853(n)(1) and Rule 32.2(b)(6)(C) of the Federal Rules
15 of Criminal Procedure, the United States published notice of the Preliminary Order of
16 Forfeiture and of its intent to dispose of the preliminarily forfeited property, including the
17 Subject Firearm, in accordance with governing law. *See* Dkt. No. 965. That notice
18 informed any third parties claiming an interest in the property that they were required to
19 file a petition with the Court within 60 days of the date of the notice's first publication on
20 September 7, 2024. *Id.*
21       As required by Fed. R. Crim. P. 32.2(b)(6)(A), the United States sent notice and a
22 copy of the Preliminary Order of Forfeiture to potential claimants, of the preliminarily
23 forfeited property, based on the underlying investigate material. One of the potential
24 petitioner to whom the United States sent direct notice was Third-Party Petitioner, Paul
25 Hunter Port. See Exhibit A. The United States sent Mr. Port notice because he was
26 identified in firearms records as a purchaser of the Subject Firearm.
27

Stipulation and Order - 2
*United States v. McComb,* CR23-5085-DGE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Thereafter, Mr. Port filed a Petition to the Subject Firearm, in which he asserted he was the rightful owner of the Subject Firearm. *See* Dkt. No. 978. Mr. Port advised that the Subject Firearm had been stolen from him. *Id.*

No other third-party petitions were filed with respect to the Subject Firearm. The period for filing a petition to the Subject Firearm expired on or about November 6, 2024, for the published notice, and November 1, 2024, for direct notice.

## II.     STIPULATION

The United States and Mr. Port HEREBY STIPULATE to the following:

1. In support of his Petition, Mr. Port asserts that he is the owner of the Subject Firearm. Mr. Port states that he purchased the Subject Firearm in 2016; that Mr. Port gifted the firearm to a friend; that Mr. Port received the firearm as the designated beneficiary of his friend's personal property following his friend's death; and that the Subject Firearm was stolen during an office robbery in 2020 before Mr. Port regained possession of it. Mr. Port does not know the Defendant or how Defendant acquired the Subject Firearm.

2. The information provided by Mr. Port is consistent with the underlying investigative material, including the firearms e-trace report for the Subject Firearm that confirms Mr. Port purchased the Subject Firearm in 2016 from a Federal Firearms Licensee in Rosharon, Texas, and statements made by the family of the deceased individual which confirm ownership of the Subject Firearm returned to Mr. Port.

3. The Federal Bureau of Investigation has confirmed that Mr. Port has no identifiable criminal history precluding him from possessing a firearm at this time.

4. Mr. Port affirms that neither he nor any person living in his residence is prohibited from possessing a firearm.

5. Based on the information and affirmations reflected in Paragraphs 1–4, above, the United States agrees that Mr. Port had a vested interest in the Subject Firearm, pursuant to 21 U.S.C. § 853(n)(6)(A), before Defendant in this case possessed it.

Stipulation and Order - 3
*United States v. McComb,* CR23-5085-DGE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

6. The United States recognizes Mr. Port's vested interest in the Subject Firearm and agrees the government will return it to Mr. Port following the criminal proceedings in this case, to include any criminal appeal. The seizing agency, FBI, will affect the return of the Subject Firearm to Mr. Port.

7. Mr. Port understands the Subject Firearm constitutes evidence in this case and cannot be returned prior to the completion of these criminal proceedings, to include any criminal appeal.

8. Mr. Port understands and agrees the Subject Firearm will be returned to him in its current condition, as it was seized from Defendant in this case.

9. Mr. Port understands and agrees that this Stipulation fully and finally resolves his claim to the Subject Firearm. Mr. Port waives any right to further litigate or pursue his Petition, or any other claim to the Subject Firearm, in this or any other proceeding, judicial or administrative.

10. Upon return of the Subject Firearm, Mr. Port agrees to release and hold harmless the United States, its agents, representatives, and/or employees, as well as any involved state or local law enforcement agencies, their agents, representatives, and/or employees, from any and all claims Mr. Port may possess, or that could arise, based on the seizure, detention, and return of the Subject Firearm.

11. The United States and Mr. Port agree they will each bear their own costs and attorneys' fees associated with the seizure, detention, and return of the Subject Firearm, as well as with Mr. Port's Petition and this Stipulation.

///

///

///

Stipulation and Order - 4
*United States v. McComb,* CR23-5085-DGE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

12. The United States and Mr. Port agree that the terms of this Stipulation are subject to review and approval by the Court, as provided in the proposed Order below. If the Court enters the proposed Order, a violation of any term or condition of this Stipulation shall be construed to be a violation of that Order.

Respectfully submitted,

TESSA M. GORMAN
United States Attorney

DATED: November 5, 2024

JEHIEL I. BAER
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, WA 98101
Phone: (206) 553-2242
Fax: (206) 553-6934
Jehiel.Baer@usdoj.gov
*Counsel for the United States*

DATED: November ___, 2024

PAUL HUNTER PORT
1601 Hawthorne St
Houston, TX 77006-3715
*Third-Party Claimant*

Stipulation and Order - 5
*United States v. McComb,* CR23-5085-DGE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**ORDER**

The Court has reviewed the above Stipulation between the United States and Third-Party Claimant Paul Hunter Port, settling the interest Mr. Port has asserted in the Subject Firearm, Dkt. No. 978, that was preliminarily forfeited by Defendant Ronaldo McComb in this case, Dkt. No. 935.

The Court HEREBY APPROVES the Stipulation and Settlement and its terms.

IT IS SO ORDERED.

DATED this 7th day of November 2024.

_____
David G. Estudillo
United States District Judge

Stipulation and Order - 6
*United States v. McComb,* CR23-5085-DGE

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970